Filed 6/30/22  In re Marcus C. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re MARCUS C. et al., Persons Coming Under the Juvenile Court Law. | |
| MERCED COUNTY HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> EDDIE C., <br><br> Defendant and Appellant. | F083899 <br><br> (Super. Ct. Nos. 18JP-00185-A, 18JP-00185-B) <br><br> **OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Brian L. McCabe, Judge.

Jacob I. Olson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Meehan, J. and Snauffer, J.

Appellant Eddie C. (father) appeals from the juvenile court's July 7, 2020, order terminating his parental rights under Welfare and Institutions Code section 366.26[1] to his then four-year-old son, Marcus C., and three-year-old daughter, A.C. After reviewing the juvenile court record, father's court-appointed counsel informed this court he could find no arguable issues to raise on father's behalf. This court granted father leave to file a letter establishing good cause to conclude an arguable issue of reversible error exists. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.)

Father filed a letter but failed to show that any arguable issue arose from the termination hearing. Consequently, we dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

Two-year-old Marcus and one-year-old A.C. were removed from the custody of their mother in December 2018 because she was a substance abuser and failed to supervise and properly care for them. Law enforcement found the children several times playing along the highway unattended and the condition of the family home was substandard. Father was incarcerated with a release date of November 2023. The children were placed together in foster care.

The juvenile court exercised its dependency jurisdiction over the children in February 2019, ordered the mother to participate in reunification services but denied father services because of the length of his incarceration. (§ 361.5, subd. (e)(1).)

At the six-month review hearing in July 2019, the juvenile court terminated mother's reunification services and set a section 366.26 hearing for November 6, 2019. Neither parent filed an extraordinary writ petition.

In its report for the section 366.26 hearing, the Merced County Human Services Agency (agency) informed the juvenile court the children were living with their maternal

---

[1]    Statutory references are to the Welfare and Institutions Code.

2.

grandparents who wanted to adopt them. Father wanted the children placed in a legal guardianship with their paternal grandparents.

The section 366.26 hearing was continued and conducted on July 7, 2020. Father appeared with his court-appointed counsel and testified he last saw Marcus around May 2017, while out on bail, and had never visited A.C. but exchanged letters and cards with her. While in Monterey County jail in May 2017, he was able to visit with Marcus by video chat and Marcus referred to him as "Dadda." Father believed the children would benefit from continuing their relationship with him. He did not know whether it would be detrimental to the children if his parental rights were terminated but believed the children would be better off if he was able to maintain his relationship with them.

At closing, father's attorney requested the juvenile court find that the parent-child relationship exception to adoption applied.

The juvenile court found the children were likely to be adopted, concluded no exceptions to adoption applied and terminated parental rights. The court notified father of his right to file a written notice of appeal with the superior court within 60 days from the date of the court's judgment. Father made several unsuccessful attempts from July through October 2020 to appeal the termination order by filing notices of intent to file a writ petition in this court and in the superior court.

On November 9, 2020, the children were removed from their maternal grandparents after they reported being physically punished. The paternal grandparents immediately applied for emergency placement.

In February 2021, the agency placed the children with their paternal grandmother who was willing to adopt them. The paternal grandmother ensured the children had contact with both maternal and paternal family members. She wanted them to be raised surrounded by their family members. According to the agency, the adoption could not be finalized because there was an appeal pending from the hearing on July 7, 2020.

On September 3, 2021, father filed a petition for writ of habeas corpus in our case No. F083263 (*In re Criado* (Dec. 21, 2021) [nonpub. opn.]), seeking to appeal from the termination of parental rights order on the grounds that trial counsel was ineffective.

On December 6, 2021, the juvenile court found adoption remained the appropriate permanent plan for the children and set a review hearing for May 16, 2022.

On December 21, 2021, we granted relief in response to father's petition for writ of habeas corpus and directed the superior court to file his notices of appeal and to treat them as timely filed if they were filed on or before 60 days of the date of the termination order.

On February 8, 2022, father filed a notice of appeal from the termination order. On March 28, 2022, father's appellate attorney filed a "no-issues" letter pursuant to *Phoenix H.* and we granted father leave to file a letter.

**DISCUSSION**

Father contends his trial counsel was ineffective for not advising him of his rights vis-à-vis his children. He represents that his release date is September 2022 or possibly sooner and he wants to reunify with his children.

The order that father appeals is a termination of parental rights order issued on July 7, 2020. The juvenile court's sole focus at such a hearing is the selection of a permanent plan for the children. (*In re Christopher M.* (2003) 113 Cal.App.4th 155, 160.) When, as here, the court finds the children are likely to be adopted and none of the exceptions to adoption apply, the court has no choice but to terminate parental rights and select adoption as the permanent plan for the children.

Father does not contend the juvenile court erred in finding the children were adoptable or in not applying the beneficial parent-child relationship exception, which his attorney argued. Instead, he wants to revisit the court's rulings prior to the section 366.26 hearing on the grounds that his attorney was ineffective for not protecting his "rights." Father is barred, however, from challenging the court's prior orders and findings because

4.

he did not challenge them on appeal. Consequently, they are final and binding. Further, even assuming we could review the prior proceedings, we would find no evidence of ineffective assistance. Father was incarcerated at the time of the dispositional hearing with a release date that exceeded the 12-month limitation on reunification. Consequently, there were grounds for the court to deny him services under section 361.5, subdivision (e)(1). Further, according to the record, father's attorney advised him of his right to a contested hearing on the issue of services and he knowingly forfeited that right. Once father was bypassed for services, severance of his parental rights was inevitable unless the mother was able to reunify. When she did not, the court had little option but to terminate parental rights given the children's young age and suitability for adoption and father's inability to prove severing his parental rights would be detrimental to them. On that evidence, any claim counsel was ineffective would fail.

We conclude father failed to raise any arguable issues from the section 366.26 hearing. Accordingly, we dismiss the appeal.

## DISPOSITION

The appeal is dismissed.